**Annie C. LOWERY, Plaintiff**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 1427.**

United States District Court
E. D. North Carolina,
Raleigh Division.

May 12, 1964.

Harris & Harris, Wake Forest, N. C., for plaintiff.

Robert Cowen, U. S. Atty., Raleigh, N. C., for defendant.

DALTON, Chief Judge.

This is an action for judicial review of a final decision by the Secretary of Health, Education and Welfare denying the plaintiff's application for disability benefits under Title II of the Social Security Act, as amended. (42 U.S.C.A. § 401 et seq.). The action was brought by Annie C. Lowery pursuant to Section 205(g) of the Act (42 U.S.C.A. § 405

(g) ), which limits the scope of judicial review in these cases as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  *  *  *."

The record indicates that the plaintiff filed three different applications with the Social Security Administration for the purpose of establishing her claim to disability benefits. The first application was filed on July 23, 1957, in which she dated the onset of her inability to work from December 1951. This application was denied on May 26, 1960, after plaintiff's request for a hearing had been dismissed for failure to make timely application therefor, and the Appeals Council denied the request to review the referee's decision. Thereafter, on August 26, 1960, plaintiff filed a second application which was denied in that she did not meet the insured status requirements on that date. Finally, on October 9, 1961, Mrs. Lowery filed the application presently before the Court to establish a period of disability under Section 216(i) of the Act (42 U.S.C.A. § 416(i)), and for disability insurance benefits under Section 223 of the Act (42 U.S.C.A. § 423), wherein she alleges she became unable to work in June, 1951. The primary impairments to which the plaintiff attributed her disability are thrombophlebitis associated with varicose veins, for which she underwent surgery twice and which she reported caused her continual pain; a cardiovascular disease involving heart dropsy; and bronchial asthma. She also reported suffering at various times with arthritis, bone deformity of the lower back, and with disorders of the genitourinary region.

After exhausting her administrative remedies with regard to the latest application, plaintiff filed this suit in a timely fashion.

The plaintiff, in order to establish a claim for the benefits sought, must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration", 42 U.S.C.A. §§ 416(i), 423, and in addition she must show that such disability, as defined, had its onset at a time when she met the requirements for insured status and that the disability continued uninterrupted to the filing of this application. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962); Teeter v. Flemming, 270 F.2d 871, 77 A.L.R.2d 636 (7th Cir. 1959). To meet the insured status as required by Section 216(i) (3), (42 U.S.C.A. § 416(i) (3)), plaintiff must have not less than twenty quarters of coverage during the forty quarter period, ending with the first quarter of disability. Mrs. Lowery's earnings record reveals that she met the earnings requirement during the quarter in 1951 at which time the alleged disability began and that she last met the earnings requirement during the quarter ending June 30, 1956. Thus, a disability with its onset subsequent to the latter date could not serve as the basis for an award under the Act.

This Court is of the opinion, however, that the evidence in the record shows that the plaintiff was suffering from a medically established disability, as defined in the Act, prior to June 30, 1956, and that this disability had continually rendered Mrs. Lowery unable to engage in substantial gainful activity at the time the application was filed.

Mrs. Annie C. Lowery was born on August 28, 1906, and so, is now fifty-seven years of age. She completed the sixth grade of elementary school. She went to work as a laborer in a cotton mill working both as a winder and as a spinner, all of which required her to be on her feet constantly. She continued in this occupation for over twenty-five years until 1951, at which time she became unable to work because she could no longer

stand on her feet and because of her asthmatic condition. The leg condition had begun causing difficulties in 1948, at which time she underwent surgery to improve the condition and resumed her employment in the cotton mill. Thereafter, it appears that she continued working as long as she could but her condition finally forced her to quit. After leaving her employment she was able to continue with some of her light household duties in 1951 but was advised by her doctors to restrict her activity. She was not able to wash and iron clothing or perform other activities requiring her to stand. Certainly, the ability to perform minor daily household chores such as washing dishes would not be of a nature necessarily affecting disability status. Lippert v. Ribicoff, 215 F.Supp. 28 (N.D. Cal. 1963). She has not worked since that time except for a short period in late 1959 and early 1960 when she attempted to work as a grocery clerk for a brother-in-law, but was not able to continue. She worked from eight in the morning until three o'clock in the afternoon with resting time as necessary, for which she was paid $1.50 per day. (Tr. 118–120). She went to work against the advice of her physician she said, "because it looked like I had to do something to pay for my medicine."

Shortly after that, Mrs. Lowery tried to engage in baby sitting but was not successful in that she could not bend over to tend the baby and was not able to raise the child up. In this endeavor plaintiff was required to keep the child for approximately ten hours each day for which she received two dollars. In both instances her attempts at working fell markedly short of "substantial gainful activity." See, Flemming v. Booker, 283 F.2d 321 (5th Cir. 1960).

Due to her physical incapacity, viewed in context with her advancing age, her lack of educational attainments, and her limited training and experience, it is unlikely that she could have found any employment of a sedentary nature which she could perform. In fact, after receiving County Public Welfare assistance over a seventeen month period in 1955, 1956, and early 1957, she was referred to a state agency for rehabilitation. But the referral was denied for the reason that her impairment was "too severe." See, Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963).

Plaintiff visited Duke University Medical Center in Durham, North Carolina, in 1953, and underwent tests concerning the asthma, on the basis of which vaccines were prepared to treat the condition. She reports that after using the vaccines the asthma was still with her but was improved; however, she did not attempt working at that time because she was still unable to stand on her legs. The hearing examiner noted that she waited five years to return to Duke Hospital concerning the vein condition in her legs. It appears, however, that she was under continual medical treatment during this interval. Mrs. Lowery did return to Duke Hospital in July, 1958, at which time she was scheduled for surgery for the varicose veins. She did not appear at the scheduled time and the surgery was not performed. The secretary placed a great deal of emphasis on this point. (Tr. 12, 32) Section 404.1502(g) of the Regulations of the Department of Health, Education and Welfare, 20 C.F.R. § 404.-1502(g) (1961), provides:

"An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity."

However, it will be noted in this case that varicose veins is only one of the plaintiff's serious ailments. She has also suffered from a coronary heart disease with electrocardiogram revealing abnormalities, dyspnea and angina pectoris on exertion, and asthma. It is also to be noted that plaintiff has twice undergone surgery for the varicose veins (Tr. 98, 102), which fact tends to indicate the permanence of the disability as required by the Act. See, Bradey v. Ribicoff, 298

F.2d 855 (4th Cir. 1962). Dr. George W. Corbin, who reported treating plaintiff since 1948, reviewed plaintiff's condition as follows:

"Although this woman's present state of health is not that of being acutely ill, she is controlled only by constant medication, diet and markedly reduced activities. *Any return to arduous effort may very well change her condition markedly.* She has been repeatedly advised against any such return to work by Dr. Mackie and by me." (Tr. 125) (Emphasis added)

Dr. George C. Mackie reported:

"The above [plaintiff] is totally and permanently unable to earn a livelihood by work due to her physical condition. She is suffering from: (1) Varicose Veins of legs with thrombophlebitis; (2) Asthma; (3) Coronary heart disease; (4) Arthritis." (Tr. 126).

The Secretary affirmed that plaintiff had suffered from various impairments and noted that her impairments may have limited her ability to pursue her usual line of work (Tr. 62), the only line of work that Mrs. Lowery had ever known. But it was felt that plaintiff's impairments were not so severe as to render her unable to perform *any* type of substantial gainful work at a time when she met the earnings requirements of the Act. No showing was made as to what, if any, kind of work Mrs. Lowery was able to do, and no showing was made that any such work was available to her. Woodson v. Celebrezze, 325 F.2d 479 (4th Cir. 1963); Cochran v. Celebrezze, 325 F.2d 137 (4th Cir. 1963); Butler v. Flemming, 288 F.2d 591 (5th Cir. 1961). On the other hand, plaintiff has twice tried to engage in gainful activity and was in each instance thwarted in her efforts by the same physical incapacities which dated back prior to the time when her insured status expired.

On reviewing the record as a whole, taking into account all the objective medical evidence and all the sub-jective features in the case as the Court is bound to do, Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962), this Court finds that the decision of the Secretary holding that plaintiff was not disabled within the meaning of the Act prior to June 30, 1956, is without substantial evidential basis. Thus, it is the view of this Court that the decision of the Secretary should be reversed and that the plaintiff, Annie C. Lowery, be granted a period of disability dating from the onset of her disability on June 30, 1951, and such disability insurance benefits as she would have been entitled to had her initial application been approved.