**Gilmer E. BOGGS, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary Health, Education & Welfare, Defendant.**

**Civ. A. No. 68–C–91–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

March 14, 1969.

Kenneth P. Asbury, Wise, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

■ The claimant, Gilmer E. Boggs, has applied for a period of disability, commencing April, 1966, and for disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C.A. §§ 416(i) and 423 (Supp.1969). His application was denied by a decision of the Secretary of Health, Education and Welfare, who found that the claimant had not been under a "disability" [1] at any time prior to December 31, 1966, the date of expiration of the claimant's insured status under the Act.[2] Aggrieved Mr. Boggs requests this court to review and reverse the decision of the Secretary under section 205(g) of the Act, 42 U.S.C.A. § 405(g), which section provides that a federal district court may set aside the findings of the Secretary only if they are not supported by "substantial evidence." Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

Gilmer Boggs, forty-six years old, lives with his wife and four minor children in Pound, Virginia, where he has worked as a coal miner for about twenty-five years. A painful back condition forced him to quit this work in April, 1966. He claims that his back condition has not improved since that time, and he has remained unemployed.

The medical evidence is not in substantial conflict. Mr. Boggs' back condition has been diagnosed as an intervertebral disc protrusion and an intervertebral disc disease. It has caused a fifty percent loss of spinal flexion, extension, and lateral bending. A back brace prescribed by a neurological surgeon has provided little relief, and the claimant visits his physician about three times a week to receive shots which reduce the pain somewhat. Surgery would be of no benefit, and the condition is not expected to improve. An orthopedist was of the opinion that the claimant is incapable of arduous physical labor or work requiring repeated bending, stooping or lifting. An eye examination revealed that the claimant's vision was 20/200 in the left eye, with or without correction, and 20/25 in the right eye.

The foregoing facts were considered in detail by a hearing examiner of the Social Security Administration, whose written opinion that the claimant was not disabled was adopted as the final decision of the Secretary. Conceding that the claimant could no longer perform heavy labor, the hearing examiner nevertheless concluded that the claimant was capable of substantial and gainful work such as washing and cleaning automobiles for

---

1. 42 U.S.C.A. § 423(d), as amended (Supp. 1969), provides in part:

    (1) The term "disability" means—
    (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.
    * * * * * *
    (A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

2. 42 U.S.C.A. §§ 416(i) (3) and 423(c) (1), as amended (Supp.1969).

a new and used car dealer, washing dishes, and spraying or staining furniture in a manufacturing plant. These conclusions as to the claimant's residual work capabilities are for the most part based on the opinion of a vocational expert who along with the claimant testified at the hearing before the hearing examiner. For several reasons it appears that this decision of the Secretary is not supported by substantial evidence.

We cannot agree with the conclusion of the hearing examiner that the claimant's almost constant pain symptomatology is unsubstantiated by adequate medical evidence. Nor do we think that three shots per week and aspirin is a "relatively minor amount of medication * * * inconsistent with severe, intractable pain." All the medical evidence in the record tends to confirm the testimony of the claimant that notwithstanding the back brace and the shots he suffers from relatively constant, severe pain. That such pain may give rise to a disability is clear beyond cavil. See Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967); Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964); Anno., 23 A.L.R. 3d 1034 §§ 10[a] and 13[a] (1969). The basic question here is whether the claimant's subjective evidence of pain is believable, and since nothing in the record suggests the contrary, we think it is.

The conclusion that the claimant is capable of performing the type of work suggested by the vocational expert is questionable at best. It is conceded that Mr. Boggs is illiterate, unskilled, and incapable of heavy labor. Also, the uncontradicted medical opinion is that the claimant cannot perform lighter work requiring bending, stooping or lifting, and that his eyesight is poor and uncorrectable. Given these facts it would seem that a reasoning mind would suspect that the claimant was unable to engage in work of a substantial and gainful nature. This suspicion is partially confirmed by letters in the record submitted by the claimant's attorney subsequent to the hearing. Two of these statements indicate that the claimant's eyesight would preclude his obtaining a health permit necessary for kitchen work. Two other letters from employers in a position to know state that stooping and bending are an integral part of furniture manufacturing work and work involving the cleaning and washing of cars.

Furthermore, the vocational expert recanted his initial opinions. After the hearing the hearing examiner arranged for the claimant to undergo a mental examination in order that the record might present a full picture of the claimant. A comprehensive report by the examining psychiatrist gives a diagnosis of "psychoneurotic disorder, mixed type, with somatic overlay to problems of old back function, mild depression and some hysterical traits." A clinical psychologist confirmed this diagnosis and also observed that the claimant's "general orientation toward life is such that it is doubtful that he could be returned to a useful and productive vocational status, short of a degree of psychiatric intervention which he has neither the means nor the motivation to pursue." These reports of the mental examinations were submitted to the vocational expert, who had testified at the hearing that the first step in rehabilitating the claimant would be a complete psychological evaluation. After reviewing the new evidence the vocational expert found reason to alter his previous testimony, and he concluded that "Mr. Boggs, in his present state, is unable to sustain himself in satisfactory, gainful employment. It is my opinion, however, that a purposeful participation in an active rehabilitation program * * would render Mr. Boggs employable." This latter conclusion apparently assumes that Mr. Boggs would be tractable to rehabilitation counselling, a fact which the psychological reports tend to negate.

The hearing examiner concluded that these psychological evaluations merely showed a weakness of character and lack of motivation to work on the part of the claimant. We think such a characterization of this evidence ignores its significance as an indication of mental illness. See Carico v. Gardner, 377 F.2d

259 (4th Cir. 1967). Certainly, more is involved than a lack of character and motivation. A reputable witness at the hearing attested to the claimant's honesty and good character, and stated that the claimant, prior to his disability, had always provided for his family.

■■ Viewing the record as a whole, we think that more than a preponderance of the evidence points to the conclusion that the claimant has been unable to engage in substantial, gainful work since April, 1966. Although under the Act the burden of proof is on the claimant, this burden should not be carried to a point beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541, 545 (4th Cir. 1964). It appears that the conclusions of the hearing examiner are supported by nothing except optimistic speculation in the face of substantial evidence to the contrary.

Accordingly, the decision of the Secretary is hereby reversed, and summary judgment granted in favor of the claimant.