**Beulah CLEMMONS, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 75 CV 310 W–4.**

United States District Court, W. D. Missouri, W. D.

July 13, 1976.

---

James L. Baker, Legal Aid Soc., Kansas City, Mo., for plaintiff.

Albert D. Hoppe, Asst. Dist. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER REMANDING TO THE SECRETARY OF HEALTH, EDUCATION, AND WELFARE FOR FURTHER HEARING

ELMO B. HUNTER, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. § 405(g) (1973). Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education, and Welfare denying her Social Security disability insurance benefits, pursuant to 42 U.S.C. §§ 416(i) and 423(d). This action now pends before the Court on cross-motions for summary judgment.

No dispute exists concerning the propriety or timeliness of plaintiff's application or plaintiff's proper and timely exhaustion of all available administrative remedies under the Social Security Act. Therefore, in this action the two issues presented are (1) whether plaintiff was given a full and fair hearing on her claim, and (2) whether the decision of defendant that plaintiff was not "disabled" within the meaning of the Social

Security Act was based upon substantial evidence on the record as a whole. Because this Court has determined that plaintiff was denied a full and fair hearing on her claim, however, the Court need not review the evidence to determine whether plaintiff has established her claim.

The facts of plaintiff's attempts to obtain disability insurance benefits are as follows. On June 11, 1973, plaintiff filed her application for disability insurance benefits, stating the onset of her disability to be March 1, 1973, and briefly describing her disabling conditions as varicose veins and a twisted leg. The application was denied, and a Reconsideration Determination by the Social Security Administration again rejected plaintiff's claim. On June 11, 1973, at plaintiff's request, a hearing was held, at which plaintiff and a vocational expert appeared and testified. Plaintiff appeared at her hearing alone and without counsel. On September 18, 1974, the administrative law judge rendered a decision unfavorable to plaintiff, finding that she was not under a "disability" as defined in the Social Security Act. After receipt of evidence in addition to that which was before the administrative law judge, on April 8, 1975, the Appeals Council of the Social Security Administration affirmed the decision of the administrative law judge.

20 C.F.R. § 404.927, entitled "Conduct of Hearing," requires that:

> Hearings shall be open to the parties and to such other persons as the hearing examiner deems necessary and proper. The hearing examiner shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the hearing examiner believes that there is relevant and material evidence available which has not been presented at the hearing, the hearing examiner may adjourn the hearing or, at any time prior to the mailing of notice of the decision, reopen the hearing for the receipt of such evidence. The order in which evidence and allegations shall be presented and the procedure at the hearing generally, except as these regulations otherwise expressly provide, shall be in the discretion of the hearing examiner and of such nature as to afford the parties a reasonable opportunity for a fair hearing.

Thus the administrative law judge is charged with the responsibility to inquire fully into all matters at issue and to develop and receive into evidence all relevant testimony and evidence. This duty to fully inquire and develop the record expands when a claimant prosecutes her claim without counsel. In such cases, the courts have commanded that the administrative law judge "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts surrounding" the claim. *Gold v. Weinberger*, 463 F.2d 38, 43 (2d Cir. 1972). Many cases have recognized the handicap under which the unrepresented claimant labors and of which the administrative law judge must not take advantage. *Webb v. Finch*, 431 F.2d 1179 (6th Cir. 1970); *Dunn v. Richardson*, 325 F.Supp. 337 (W.D.Mo.1971); *Stewart v. Cohen*, 309 F.Supp. 949 (E.D.N.Y.1970); see *Staskel v. Gardner*, 274 F.Supp. 861, 863 (E.D.Pa. 1967). In *Arms v. Gardner*, 353 F.2d 197 (6th Cir. 1965), a claimant was held to have been denied a full hearing where his attorney failed and was admittedly unable to give the claimant the legal assistance he should have had to present his evidence and to cross-examine witnesses produced at the hearing to contradict his claims. Although this Court does not now hold that claimants are possessed of an inviolable right to counsel at such hearings, it appears clear that where counsel is absent, a high duty is imposed upon the administrative law judge.[1]

---

1. It should be noted that the Notice of Hearing in the instant case advised plaintiff that she could be represented by an attorney or other qualified person. The administrative law judge also advised plaintiff that she had the right to be represented by an attorney. In response to the judge's inquiry whether he could assume that she wished to proceed without representation, however, plaintiff replied, "I don't have one. I got one; but I couldn't afford him."

In the instant case, several areas of significance to a determination of plaintiff's disability were not adequately explored by the administrative law judge. The medical evidence indicated the presence of a left knee impairment, accompanied by degenerative arthritis, and traumatic arthritis affecting the right foot. Plaintiff testified as to pain in her entire left leg, which increases when she walks or stands, and difficulty in walking. Although plaintiff indicated that sitting was her most comfortable position, the administrative law judge did not seek information concerning whether she experienced pain even when she was not on her legs. It is clear that relatively constant severe pain may give rise to a disability, *Boggs v. Cohen*, 298 F.Supp. 175 (W.D.Va.1969), and subjective evidence of plaintiff's pain cannot be ignored in evaluating her ability to engage in substantial gainful activity. *Wells v. Cohen*, 296 F.Supp. 276 (W.D.Va.1969). In view of the administrative law judge's finding that plaintiff could perform tasks of a sedentary nature sufficiently to engage in gainful employment, it indeed appears to this Court that such an inquiry was required.

Secondly, neither the vocational expert or the administrative law judge concerned themselves with the question of whether plaintiff's physical condition would preclude her from getting to and from any job she might be able to obtain. Surely this factor is significant to a determination of her ability to engage in gainful employment on a regular or sustained basis. See *Robinson v. Richardson*, 360 F.Supp. 243 (E.D.N.Y.1973); see also *Lowery v. Celebrezze*, 229 F.Supp. 833 (E.D.N.C.1964).

In addition, although the administrative law judge clearly indicated to plaintiff that she could call as witnesses people whom she apparently had brought with her to testify, his treatment of the matter can be characterized as discouraging the presentation of witnesses. Indeed, the judge informed plaintiff that ". . . witnesses normally aren't all that meaningful in this type of case . . ." (Tr. 23) After remarking that "This is a hearing; and I don't know what it requires," (Tr. 23) plaintiff did not present the witnesses.

Although the mere absence of counsel is not, in itself, grounds for finding that plaintiff was denied a full and fair hearing on her claim, where, as here, lack of representation is combined with inadequate development of the record, failure to explore relevant areas of testimony, discouragement of the presentation of witnesses, and the inability to cross-examine the agency's expert witness, a different conclusion must be reached. It is apparent from the record that plaintiff's lack of representation inhibited presentation of her claim and prejudiced her case. Where, as here, the administrative law judge fails to assume his obligation to fully and fairly develop her claim, a remand for provision of such an opportunity must result. *Johnson v. Richardson*, 486 F.2d 1023 (8th Cir. 1973); *Sellars v. Secretary of Health, Education, and Welfare*, 458 F.2d 984 (8th Cir. 1972); see *Erwin v. Secretary of Health, Education, and Welfare*, 312 F.Supp. 179 (D.N.J.1970).

Therefore, for all the foregoing reasons, it is hereby

ORDERED that the above-entitled cause be, and it is hereby, remanded to the Secretary of Health, Education and Welfare for a further hearing.

(Tr. 29) Plaintiff then indicated that she would have to proceed without an attorney. She was not advised that she could seek counsel from the Legal Aid and Defender Society, which she subsequently did for the pursuit of this action for judicial review.