Rosa MEDINA, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. No. 955–73.

United States District Court, D. Puerto Rico.

April 28, 1977.

Wally de la Rosa Vidal, Santurce, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the denial by the defendant, the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary), of her claims for disability insurance benefits and widow's disability benefits.

Plaintiff is a sixty year old woman who has a third grade education. She has worked primarily as a sewing machine operator in the clothing industry, and alleges disability since 1969 due to back pains. Plaintiff has met the special earning requirements of the Act until September 30, 1973 for disability purposes, and until April 30, 1976 for widow's disability benefits. She seeks judicial review after exhausting the administrative remedies available to her under the Act and Regulations.

The issues in the case herein are whether the final decisions by the Secretary, denying plaintiff's claims for disability and disabled widow's benefits, are supported by substantial evidence on the record considered as a whole.

The evidence on record can be summarized as follows:

(a) Report from Dr. Miguel A. Palacio, covering a period from 1967 to 1972, stated that plaintiff complained of pain in the joints and in the sacroiliac region. Plaintiff's blood pressure was found to be 140/80. Plaintiff also had a 70% limitation on the arms and legs. Dr. Palacio diagnosed arthritis and menopause syndrome.

(b) On April 5, 1972 Dr. Asdrúbal F. Arzola, an orthopedist, examined plaintiff and remarked that she could squat but had difficulty at returning. The neurological examination was within normal limits. Radiographies of the lumbosacral spine were also found to be normal. His diagnosis was that plaintiff had subjective complaints of pain in the back, without an objective evidence of a disease.

(c) On June 11, 1974 Dr. Ulises Ferrer, an orthopedist, examined plaintiff and found a "sway back" with subjective pain in the entire dorsolumbar region, but there were no muscle spasms found. Dr. Ferrer also stated that plaintiff felt pain on her back. The examination further revealed that plaintiff could hook, pinch, and grasp with normal strength. According to Dr. Ferrer's opinion, plaintiff could perform light to moderate work.

Radiographies of the lumbosacral region revealed a marginal osteophyte formation at the vertebral ends. The x-ray impression was of: mild spondyloarthrosis and mild scoliosis.

In a functional residual capacities report dated June 4, 1974 Dr. Ferrer stated that plaintiff could walk or stand for two hours or less, and could sit for five hours or less, but could not use her feet for operating controls. She could lift up to ten pounds frequently and could perform simple grasping, but was incapable of fine manipulation. Dr. Ferrer warned that plaintiff would not be able to tolerate occupational hazards and cautioned her to avoid frequent bending or stooping.

(d) On June 17, 1974, Dr. Rafael Coca Mir, an internist, examined plaintiff and stated that her physical condition was essentially within normal limits. Dr. Coca indicated that there were some exceptions to his general statement regarding plaintiff's physical condition. The musculoskele-

tal examination revealed levoscoliosis of the lumbar spine with severe muscle spasm in the area. Dr. Coca's impression of plaintiff was that she suffered from: hypertensive cardiovascular disease, RSR, angina pectoris, cardiomegaly, compensated, class IIB, varicose veins with stasis edema, both legs, and urinary tract infection. Dr. Coca further concluded that plaintiff's symptoms of a chronic lumbar syndrome were probably legitimate, and thereby precluded her from performing her usual work.

(e) On February 7, 1975, Dr. Ernest A. Brav, an orthopedic surgeon, reported that the medical evidence of plaintiff's claim, did not reveal an impairment listed in the Appendix to Social Security Administrative Regulations No. 4, Subpart P. Such conclusion was confirmed by Dr. Elba J. Martinez on February 14, 1975.

A claimant of disability benefits has the initial burden of proof to establish that he was unable to engage in a substantial gainful activity by reason of a physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months and the existence of which can be medically determined at a time prior to the expiration of coverage. For a plaintiff to be disabled within the meaning of the Act, the alleged impairments must deprive him of his capacity for work to the extent that he is unable to engage in any substantial gainful activity. 42 U.S.C. §§ 416(i), 423(d); *Reyes Robles v. Finch,* 1 Cir., 409 F.2d 84 (1969).

Once a claimant has shown his inability to perform his previous work, then the Secretary has the burden of showing that claimant can engage in other forms of substantial gainful activity. *Reyes Robles v. Finch, supra; Hernández v. Weinberger,* 1 Cir., 493 F.2d 1120 (1974); *Burgos v. Secretary of Health, Education and Welfare,* D.C., 355 F.Supp. 309 (1973); *Taylor v. Weinberger,* 4 Cir., 512 F.2d 664 (1975); *Wyatt v. Weinberger,* 4 Cir., 519 F.2d 1285 (1975). The test being whether a particular job is realistically within the physical and mental capabilities of a claimant, which

means whether he can effectively perform the jobs on a similar level of continuity, stamina and efficiency as one who is not impaired to the same degree of severity. *Caraballo v. Secretary of Health, Education and Welfare,* D.C., 346 F.Supp. 93 (1972); *Lebrón v. Secretary of Health, Education and Welfare,* D.C., 370 F.Supp. 403 (1974); *Timmerman v. Weinberger,* 8 Cir., 510 F.2d 439 (1975).

When the Secretary is making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity, there are four elements of proof to be considered: (1) medical data and findings; (2) expert medical opinion; (3) subjective complaints; and (4) plaintiff's age, educational background, and work history. *Gold v. Secretary of Health, Education and Welfare,* 2 Cir., 463 F.2d 38 (1972); *De Paepe v. Richardson,* 5 Cir., 464 F.2d 92 (1972). The scope of judicial review comprised by Section 205(g) of the Act provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *González v. Richardson,* 1 Cir., 455 F.2d 953 (1972); *Torres v. Secretary of Health, Education and Welfare,* 1 Cir., 475 F.2d 466 (1973).

It has been established that pain by itself can constitute a disabling factor; *Zeno v. Secretary of Health, Education and Welfare,* 1 Cir., 355 F.Supp. 657 (1972); *Torres v. Richardson,* D.C., 369 F.Supp. 1166 (1974); *Zambrana-Domenech v. Secretary of Health, Education and Welfare,* D.C., 370 F.Supp. 399 (1974); *Brown v. Secretary of Health, Education and Welfare,* D.C., 403 F.Supp. 938 (1975); *Miranda v. Secretary of Health, Education and Welfare,* 1 Cir., 514 F.2d 996 (1975). Plaintiff's subjective complaint of pain is substantiated by the medical evidence on record and by the findings of the administrative law judge, who determined that plaintiff had impairments consisting of: chronic lumbosacral sprain, minimal scoliosis and mild spondylosis, diffuse osteosporosis, hypertensive cardiovascular disease, class IIB, menopausal syndrome, and varicose veins of both legs. *Alvarado*

v. *Weinberger*, 1 Cir., 511 F.2d 1046 (1975). Such medical evidence is sufficient to satisfy plaintiff's initial burden of proving ·an impairment that precludes her from returning to her previous work as a sewing machine operator.

The evidence submitted by defendant to prove that plaintiff, despite her inability to return to her previous job as sewing machine operator, could engage in other substantial gainful activity, consisted of reports by medical examiners, Dr. Brav and Dr. Martinez, who determined that plaintiff's impairments were not listed in the Appendix to Social Security Administrative Regulations No. 4, Subpart P. According to their opinion, plaintiff's back impairment allowed her to perform limited but regular activities.

■ The analysis of medical reports made by qualified physicians, such as Dr. Brav and Dr. Martinez, are admissible and have been approved by the Supreme Court of the United States in the case of *Richardson v. Perales, supra* ; nevertheless, it has been established that such consultive reports of non-examining medical advisers are entitled to weight but cannot constitute substantial evidence. *Browne v. Richardson*, 1 Cir., 468 F.2d 1003 (1972); *Landess v. Weinberger*, 8 Cir., 490 F.2d 1187 (1974); *Webb v. Weinberger*, 7 Cir., 371 F.Supp. 793 (1974).

■ After considering the evidence on record it is concluded that the Secretary failed to discharge his burden of producing evidence to show that, in spite of her disabilities, plaintiff could engage in other forms of substantial gainful activity. *Gray v. Finch*, 6 Cir., 427 F.2d 336 (1970).

■ Plaintiff also seeks review of the denial to her claim for disabled widow's benefits. The test for establishing entitlement to widow's benefits, as a disabled, as stated in Section 223(d)(2)(B) of the Act, is more strict than the test prescribed by the Act in Section 223(d)(2)(A) for a disabled insured individual. The Act provides that a claimant is not entitled to disabled widow's benefits, unless the impairments are so severe as to preclude the individual from engaging in *any gainful activities* (instead of

any *substantial* gainful activity). Although factors such as age, education and work experience must be considered when construing "disability" of an insured claimant, nevertheless, they are not to be considered in disabled widow's claims. 20 CFR 404.-1504; 20 CFR 404.1505; *Sullivan v. Weinberger*, 5 Cir., 493 F.2d 855 (1974). The test· for widow's disability is·based on the severity of the impairment, and its equivalent to the listed impairments. 20 CFR 404.1501 et seq.

■ After considering the medical evidence on record it is determined that the Secretary's decision, that plaintiff's impairments were not disabling for purposes of widow's disability benefits, is supported by substantial evidence, and should therefore be affirmed.  .

In view of the foregoing, the present case is hereby remanded to the Secretary, so that plaintiff may be provided with an ·evidentiary hearing, to determine if there are jobs available, considering her residual capacities and background.