Robert DuBREUIL, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 84–2262–Mc.

United States District Court,
D. Massachusetts.

March 21, 1986.

Sandra L. Smales, Cambridge, Mass., for plaintiff.

Andrew S. Hogeland, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

The plaintiff seeks review pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), of a final decision of the Secretary of Health and Human Services denying plaintiff's application for Social Security disability benefits. Defendant has moved for an order affirming the decision of the Secretary, and plaintiff seeks summary judgment reversing that decision.

On December 21, 1982, the plaintiff Robert Dubreuil filed an application for a period of disability and disability insurance benefits alleging that he has been unable to work since July 3, 1982. The application was denied initially and on reconsideration by the Social Security Administration. The Administrative Law Judge, before whom plaintiff and his counsel appeared, considered the case *de novo* and on January 31, 1984 found that plaintiff was not disabled within the meaning of the Social Security Act. The Administrative Law Judge's decision became the final decision of the Secretary of Health and Human Services, subject to judicial review, when the Appeals Council approved the decision on May 22, 1984.

The scope of review of the Secretary's final decision is quite narrow. Section 205(g) of the Act requires that the District Court accept as conclusive the Secretary's determination of facts if supported by substantial evidence. 42 U.S.C. § 405(g). *Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969). The issue before the Court, therefore, is not whether the plaintiff is disabled as defined in the Act [42 U.S.C. § 416(i)(1)], but whether there is substantial evidence in the record to support the Secretary's finding that he is not and whether that decision conforms to statutory requirements. *Medina v. Secretary of H.E.W.*, 440 F.Supp. 292 (D.P.R.1977); *Geoffroy v. Secretary of HHS*, 663 F.2d 315, 319 (1st Cir.1981).

The plaintiff, born October 28, 1924, was fifty-nine years old at the time the ALJ rendered his decision. He completed roughly two years of college and has had some training in physiotherapy. For twenty-six years the plaintiff worked as a medical laboratory equipment salesman. He claims an inability to work since July, 1982 due to a heart condition, impaired use of his left arm and hand, impaired memory, severe fatigue, pain and stress.

The term "disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A)(1982). Section 423(d)(2)(A) further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...". In 1978 the Secretary issued regulations that employ a five-step sequential analysis for evaluating disability claims. 20 C.F.R. § 404.1520. *See Goodermote v. Secretary of HHS*, 690 F.2d 5, 6 (1st Cir.1982). The first three steps are considered to be threshold "medical" tests; steps four and five are the "vocational" tests.

The first step asks whether the claimant is currently working. If he is so employed, he is automatically considered not disabled. Since the ALJ found that the claimant in this case has not engaged in substantial gainful activity since July 3, 1983, the first step of the analysis has been satisfied.

Step two of the five-step sequential analysis, the so-called severity test, involves a determination, based solely on medical factors, of whether the claimant has a severe impairment, that is, an impairment which "significantly limits his or her physical or mental capacity to perform basic work-related functions." 20 C.F.R. § 404.1521 (1985). At this step of the analysis, the Secretary does not consider the age, education or work experience of the applicant.

If at step two the applicant is found to have a severe impairment, the Secretary then determines whether the impairment is one which is specifically listed in Appendix 1 of the Regulations. 20 C.F.R. § 416.920(d). A claimant who satisfies this third step is presumptively disabled, and the analysis ends there. If, however, a claimant satisfies step two by having a severe impairment but does not satisfy step three because the impairment is not one listed in Appendix I, then the Secretary goes on to the "vocational" tests and determines under the fourth step whether his "residual functional capacity" permits him to perform his past work. 20 C.F.R. § 416.920(e). If his impairment does not prevent him from doing his past work, he is not disabled. If, however, it does, the Secretary must consider the fifth step of the analysis. At this final step, the Secretary must determine whether a claimant who has a severe but not a listed impairment and is unable to perform his past work is able to do other work found in the economy in light of his age, education and past work experience. 20 C.F.R. 416.920(f)(1). As to these last two "vocational tests", the claimant has the burden of proving that he can no longer work at his former jobs (Step four). Once he satisfies his burden, the burden then shifts to the Secretary to show the existence of other jobs in the national economy that the plaintiff can perform (Step five). *Goodermote v. Secretary of HHS*, 690 F.2d at 7. Generally, the Secretary applies the medical-vocational guidelines set forth in Subpart P, Appendix 2 of the Regulations to make that determination. If, however, the claimant has a nonexertional impairment or a combination of exertional impairments, a purely mechanical application of the "Grid" will not suffice. In such circumstances, the "Grid" may be used as a guideline, but further vocational evidence, usually in the form of vocational expert testimony, is required. *Sherwin v. Secretary of HHS*, 685 F.2d 1, 3 (1st Cir.1982).

After reviewing the record, the ALJ made the following specific findings:

1. The claimant met the disability insured status requirements of the Act on July 3, 1982, the date the claimant stated he became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since July 3, 1982.

3. The claimant has the following impairment(s): arteriosclerotic heart disease, status post coronary artery bypass surgery, with complaints of pain in left shoulder, arm, and neck, impaired functional use of the left arm, emotional stress, impaired memory and concentration, nervousness and irritability.

4. Claimant's complaints of severe fatigue, pain, and stress which impaires (sic) his memory and concentration are not credible.

5. The claimant does not have any impairment or impairments which significantly limit his ability to perform basic work-related activities.

6. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(c)).

It is clear from the above findings that the ALJ used step two (the "severity threshold test") of the sequential evaluation process as a basis for his denial of benefits. The validity of step two has been a source of controversy within and among the various circuit courts of appeal. Under step two, as discussed hereinbefore, a finding of "not disabled" can be made on medical reasons alone. The Social Security Act, however, requires that both medical and vocational factors be considered in a disability determination. *See* 42 U.S.C. § 423(d)(1)(A) (1982) (an individual is disabled "only if his physical or mental impairment ... is of such severity that ..., considering his age, education and work experience, [he cannot] engage in ... substantial gainful work ...."). Because of this conflict, this Court and others have ruled the step two severity test invalid. *See McDonald v. Heckler,* No. 84–2190–G, slip op. at 10 (D.Mass. Dec. 19, 1985); *Dube v. Heckler,* No. 84–2634–Mc, slip op. at 5–6 (D.Mass. Mar. 10, 1986); *Johnson v. Heckler,* 769 F.2d 1202 (7th Cir.1985). Accordingly, we cannot affirm a denial of benefits which is based upon a claimant's failure to meet the step two severity test.

Interestingly, that portion of the ALJ's decision which is entitled "findings of fact" goes further than a denial of benefits under step two. After discussing why the claim for benefits is denied under step two, the ALJ offers an alternative analysis by continuing through the sequential evaluation process. He went on to say "[a]ssuming, arguendo, that claimant's impairments were severe, that he was unable to resume his past work, and that he had residual functional capacity for sedentary exertion", the claimant would nevertheless be found "not disabled" under Rule 201.07, Table No. 1, Appendix 2, Subpart P of Social Security Regulation No. 4 (the "Grid"). The ALJ points out that a vocational expert also found the claimant to be capable of performing other work.

Because the plaintiff apparently suffers from multiple impairments, exertional and nonexertional, the ALJ cannot rely on the "Grid" alone to satisfy the fifth and final step in the sequential evaluation process. The ALJ correctly called upon a vocational expert in this instance, but the expert testimony is of little value because it was based on the faulty assumption that the plaintiff suffered solely from exertional impairments. (When asked to assume that Dubreuil has a nonexertional impairment, such as memory loss to extent reported by Dr. Tarwog [Tr. 224–226], the expert's response is unintelligible due to a faulty transcription of that portion of his testimony.)

The decision of the Secretary denying benefits to the plaintiff, whether it be based upon a step two denial or upon the alternative analysis given by the ALJ, must be reversed. The plaintiff is entitled to a full-scale evaluation which takes into consideration vocational, as well as medical factors. Accordingly, the plaintiff's claim is remanded for further consideration under steps three through five of 20 C.F.R. § 404.1520 and § 416.920.